[No. B223698. Second Dist., Div. One. Feb. 8, 2011.]

In re DAISY H. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, Plaintiff and Respondent, v.
DAVID H., Defendant and Appellant.

## Counsel

Aida Aslanian, under appointment by the Court of Appeal, for Defendant and Appellant.

Andrea Sheridan Ordin, County Counsel, James M. Owens, Assistant County Counsel, and Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

## Opinion

**ROTHSCHILD, Acting P. J.**—This case involves no risk factors justifying the juvenile court's orders declaring the children, ages nine and 13, dependents of the court, removing them from their father's custody and control and restricting him to monitored visits at neutral sites. Accordingly, we reverse the court's jurisdictional and dispositional orders.

### FACTS AND PROCEEDINGS BELOW

Two weeks after "Father" and "Mother" signed a mediated custody and parenting plan in their dissolution proceeding, an unidentified person contacted the Los Angeles County Department of Children and Family Services (DCFS) and claimed that Father was emotionally abusing the three minor children, Stacey, Daisy and David. After interviewing Father, Mother and the children, the DCFS filed a petition to have the children declared dependents of the court.

The petition, as amended, contained allegations under Welfare and Institutions Code section 300,[1] subdivision (a) (risk of "serious physical harm"), subdivision (b) (parent's failure to protect child from risk of "serious physical harm") and subdivision (c) (risk of "serious emotional damage"). The court sustained the allegation under subdivision (a) that on prior occasions Father choked Mother and pulled her hair and that once, while speaking to Daisy, Father threatened to kill Mother. With respect to subdivision (b), the court sustained the same allegation of domestic violence contained in subdivision (a) plus allegations that Father "has mental and emotional problems . . . which render[ him] unable to provide regular care of the children" and that Father emotionally abuses his children "by making derogatory statements about their mother which include . . . 'bitch, hoe [*sic*] and prostitute.' " Each allegation sustained by the court under subdivisions (a) and (b) included the accusation that Father's conduct "places the children at

---

[1] All statutory references are to the Welfare and Institutions Code.

risk of physical and emotional harm." The court found insufficient evidence that Father's name calling, as alleged under subdivision (b), placed the children at risk of "serious emotional damage" under subdivision (c).

After making its jurisdictional findings, the court ordered that Daisy and David be placed with Mother,[2] that the children and Father participate in counseling and that Father see a psychiatrist for evaluation if recommended by his therapist.

Father filed a timely appeal from the dispositional order.[3]

While Father's appeal was pending, on October 7, 2010, the court terminated its dependency jurisdiction and awarded joint legal and physical custody to the parents with physical custody shared pursuant to the mediation agreement signed in the dissolution proceeding. We take judicial notice of the juvenile court's October 7, 2010 orders. The court's termination of jurisdiction does not, however, moot Father's appeal. The court's jurisdictional findings as to Father, if erroneous, could have severe and unfair consequences to Father in future family law or dependency proceedings. (See *In re Joshua C.* (1994) 24 Cal.App.4th 1544, 1548 [30 Cal.Rptr.2d 10].)[4]

## DISCUSSION

■ The court erred in finding it had jurisdiction over the children under section 300, subdivisions (a) and (b) on the ground that the children were at risk of "physical and emotional harm." The evidence is insufficient to support either finding. Furthermore, a finding of "emotional harm" will not support jurisdiction under subdivision (a) or (b).

### I. *Physical Harm*

■ Jurisdiction under section 300, subdivision (a) requires proof that the child suffered or is at substantial risk of suffering "serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian."

There was no evidence that Father ever intentionally harmed any of his children or that the children were at risk of intentional harm. Indeed, the DCFS acknowledged that "father has not been abusive towards the children and has not made threats to hurt the children . . . ."

---

[2] By this time Stacey had turned 18 and the petition was dismissed as to her.

[3] Mother did not appeal.

[4] For this reason it is irrelevant that the children would have remained under the court's jurisdiction based on the court's findings as to Mother's conduct even if the findings as to Father were reversed.

■ Jurisdiction under section 300, subdivision (b) requires proof that the child suffered *or is at substantial risk of suffering* "serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child . . . ."

Physical violence between a child's parents may support the exercise of jurisdiction under section 300, subdivision (b) but only if there is evidence that the violence is ongoing or likely to continue and that it directly harmed the child physically or placed the child at risk of physical harm. (*In re Janet T.* (2001) 93 Cal.App.4th 377, 391 [113 Cal.Rptr.2d 163]; *In re Heather A.* (1996) 52 Cal.App.4th 183, 194–195 [60 Cal.Rptr.2d 315].) In this case Mother told the DCFS worker that in 2007, two years before the petition was filed, Father pulled her hair and choked her. Mother's later statements and court records indicate that these events actually occurred in 2002, seven years before the petition was filed. When interviewed by the DCFS worker, none of the children showed any signs of physical abuse. They all appeared healthy and well groomed. Moreover, the children denied ever witnessing Father physically abuse Mother and there was no evidence that the alleged hair-pulling and choking incidents occurred in the children's presence. The children stated that they had no fear of Father.

The evidence was insufficient to support a finding that past or present domestic violence between the parents placed the children at a current substantial risk of physical harm. The physical violence between the parents happened at least two, and probably seven, years before the DCFS filed the petition. There was no evidence that any of the children were physically exposed to the past violence between their parents and no evidence of any ongoing violence between the parents who are now separated. (Cf. *In re Heather A., supra,* 52 Cal.App.4th at pp. 194–195.)

II. *"Emotional Harm"*

■ Jurisdiction based on the risk of emotional damage to the child requires the court to find that the child is suffering or at the risk of suffering "serious emotional damage, evidenced by severe anxiety, depression, withdrawal, or untoward aggressive behavior toward self or others . . . ." (§ 300, subd. (c).)

In this case the court found the evidence that Father called Mother a "bitch," a "[whore]" and a "prostitute" was insufficient to prove "that the children are at risk of serious emotional damage" under section 300, subdivision (c). That ruling was correct.

The court, however, then went on to rely on the same evidence of name calling together with evidence of domestic violence and Father's "mental and

emotional problems" to find that the children were at risk of "emotional harm" under section 300, subdivisions (a) and (b). That finding was error.

Neither section 300, subdivision (a) nor (b) provides for jurisdiction based on "emotional harm." Subdivisions (a) and (b) state that the court may adjudge a child a dependent of the court if "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious *physical* harm . . . ." (Italics added.) Nor does any other provision of the dependency law support jurisdiction on the ground of "emotional harm." The court had no authority to assert jurisdiction on grounds not contained in the code.

Finally, the evidence did not support jurisdiction under section 300, subdivision (b) on the ground that Father's "mental and emotional problems" rendered him unable to provide care for his children. Although Mother described Father as "paranoid" and "hallucina[tory]," there was no evidence linking these alleged mental disturbances to physical harm or a risk of physical harm to the children. (Cf. *In re Janet T., supra*, 93 Cal.App.4th at p. 390.) On the contrary, the DCFS admitted that David, who was living with Father when the petition was filed, "appeared healthy and well-groomed," and was "not observed to be suffering from any visible and/or suspicious marks or bruises."

## DISPOSITION

The jurisdictional and dispositional orders are reversed.

Chaney, J., and Johnson, J., concurred.