Filed 12/23/14  In re N,F. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re N.F., a Person Coming Under the Juvenile Court Law. | B254161 |
| | (Los Angeles County Super. Ct. No. DK01899) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| B.F., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carlos E. Vasquez, Judge.  Affirmed.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant.

Richard D. Weiss, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Tracey F. Dodds, Principal Deputy County Counsel for Plaintiff and Respondent.

B.F. (father) appeals from the December 27, 2013 jurisdictional and dispositional order of the juvenile court declaring his son (the minor) (born in March 2013) a dependent under Welfare and Institutions Code section 300.[1]

Father challenges the sufficiency of the evidence to sustain jurisdiction under section 300, subdivision (a), and he contends the juvenile court abused its discretion by removing the minor from father and in requiring his visitation to be monitored.

We conclude the record supports the juvenile court's order and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 21, 2013, the Los Angeles County Department of Children and Family Services (DCFS) filed a section 300 petition on behalf of the minor, alleging serious physical harm (*id*., subd. (a)) and failure to protect (*id*., subd. (b).)

The petition alleged the parents have a history of engaging in violent altercations in the presence of the child, and that on October 11, 2013, "the father pushed the mother onto a bed and on top of the child. The father held the mother down by the mother's wrists inflicting a bruise to the mother's arm and pain to the mother's arm and leg. The father struck the mother's face with the father's wrists, while the mother held the child, causing the mother and child to fall to the ground, inflicting bruising and redness to the mother's face. The father threw food at the mother's head and spat on the mother. On prior occasions, the father pushed the mother. On 10/10/2013, the mother struck the father with a remote, spat on the father and scratched the father's arms. Such violent conduct on the part of the father against the mother endangers the child's physical health and safety and places the child at risk of physical harm, damage, danger and failure to protect." The two counts are based on the same factual allegations.

---

[1] The dispositional order is directly appealable and the jurisdictional finding is reviewable on the appeal from the dispositional order. (Welf. & Inst. Code, § 395; *In re M.C.* (2011) 199 Cal.App.4th 784, 801.)

All further statutory references are to the Welfare and Institutions Code, unless otherwise specified.

2

On October 21, 2013, the juvenile court ordered the minor released to mother, and found that substantial danger existed to the minor's physical or emotional health and there were no reasonable means to protect the minor without removal from father. The matter was continued for a jurisdictional hearing.

On December 27, 2013, the matter came on for hearing. The juvenile court admitted into evidence the section 300 petition filed October 21, 2013, the detention report dated October 21, 2013, with attachments including a police report, and the jurisdiction/disposition report dated December 27, 2013, with its attachments, all of which came into evidence without objection.

Following closing argument, the juvenile court sustained an amended petition and declared the minor a dependent child under section 300, subdivisions (a) and (b). The court found "by clear and convincing evidence that there is a substantial danger if the child were to be returned to the father and that there are no reasonable means by which the child's physical and emotional health could be protected without removing the child from the father." The juvenile court ordered the minor removed from father and placed in mother's physical custody, under the supervision of the DCFS. Father was ordered to participate in a 52 week domestic violence program and attend a parenting class. He was granted monitored visitation with the minor in a neutral setting, and mother was not to be the monitor. The parties were directed to return to court for a judicial review hearing on June 27, 2014.

On January 29, 2014, father filed a timely notice of appeal from the December 27, 2013 order.

## CONTENTIONS

Father contends: (1) the juvenile court lacked clear and convincing evidence to sustain jurisdiction under section 300, subdivision (a); and (2) the juvenile court abused its discretion by removing the minor from father and requiring monitored visitation.

3

**DISCUSSION**

1. *No merit to father's challenge to jurisdictional finding under section 300, subdivision (a).*

a. *Absence of challenge to juvenile court's finding under subdivision (b) of section 300 compels affirmance of court's finding of jurisdiction over the minor.*

The juvenile court declared the minor a dependent child pursuant to section 300, subdivision (a) *and* subdivision (b). On appeal, father solely challenges the section 300, subdivision (a) jurisdictional finding. Because father does not challenge the juvenile court's finding of jurisdiction under section 300, subdivision (b), a reversal of the section 300, subdivision (a) jurisdictional finding would not affect the juvenile court's finding of jurisdiction over the minor.

As this court stated in *In re Alexis E*. (2009) 171 Cal.App.4th 438, "When a dependency petition alleges multiple grounds for its assertion that a minor comes within the dependency court's jurisdiction, a reviewing court can affirm the juvenile court's finding of jurisdiction over the minor if any one of the statutory bases for jurisdiction that are enumerated in the petition is supported by substantial evidence. In such a case, the reviewing court need not consider whether any or all of the other alleged statutory grounds for jurisdiction are supported by the evidence. [Citations.]" (*Id*. at p. 451; accord, *In re Jonathan B*. (1992) 5 Cal.App.4th 873, 875 [reviewing court may affirm a juvenile court judgment if the evidence supports the decision on any one of several grounds].)

In the instant case, the jurisdiction of the juvenile court is conceded on the unchallenged ground involving section 300, subdivision (b). "[D]omestic violence in the same household where children are living *is* neglect; it is a failure to protect[.]" (*In re Heather A*. (1996) 52 Cal.App.4th 183, 194.) Because there is substantial evidence to support the jurisdictional finding based on a failure to protect (§ 300, subd. (b)), it is unnecessary to address whether the alternative ground for jurisdiction (§ 300, subd. (a)) is supported by the evidence.

4

b. *Substantial evidence supports jurisdictional finding under subdivision (a) of section 300.*

Further, the jurisdictional finding pursuant to section 300, subdivision (a), is supported by the evidence. The statute provides the juvenile court may adjudge a child a dependent child of the court if "[t]he child has suffered, *or there is a substantial risk that the child will suffer*, serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian." (*Ibid.*, italics added.)

Father concedes "[the] nature and circumstances of a single incident of harmful or potentially harmful conduct may be sufficient, in a particular case, to establish current risk depending upon present circumstances." (*In re J.N.* (2010) 181 Cal.App.4th 1010, 1026.) He relies in particular, however, on *In re Daisy H.* (2011) 192 Cal.App.4th 713, which held the evidence in that case was insufficient to support a finding of jurisdiction under either subdivision (a) or (b) of section 300. (192 Cal.App.4th at pp. 716-717.)

*In re Daisy H.* found that although there was physical violence between the parents, "[t]here was no evidence that Father ever intentionally harmed any of his children or that the children were at risk of intentional harm. Indeed, the DCFS acknowledged that 'father has not been abusive towards the children and has not made threats to hurt the children . . . .' [¶] . . . [¶] *The evidence was insufficient to support a finding that past or present domestic violence between the parents placed the children at a current substantial risk of physical harm.* The physical violence between the parents happened at least two, and probably seven, years before the DCFS filed the petition. *There was no evidence that any of the children were physically exposed to the past violence between their parents* and no evidence of any ongoing violence between the parents who are now separated." (*In re Daisy H.*, *supra*, 192 Cal.App.4th at pp. 716-717, italics added.)

Father's reliance on *In re Daisy H.* is misplaced. Here, not only was the infant minor physically exposed to father's domestic violence, but he was also directly endangered thereby. As indicated, father pushed mother onto the bed, causing her to fall

5

on top of the minor, and father subsequently hit mother in the face while she was holding minor, causing both mother and minor to fall to the floor.

Father also argues the facts of this case are distinguishable from *In Giovanni F.* (2010) 184 Cal.App.4th 594. In *Giovanni F.*, once the parents arrived at grandmother's home, the parents "physically struggled over Giovanni's car seat while Giovanni was in it. The car seat hit [grandmother's] bedroom window and the window cracked." (*Id*. at p. 600.) Father asserts that unlike the fact situation in *Giovanni F.*, his actions "did not support a finding that he would ever place [the minor] son at risk of serious physical harm in the future." Father's attempt to differentiate his conduct from that of the offending parent in *Giovanni F.* is not supported by the record. Here, as in *Giovanni F.*, although the minor was not the target of the domestic violence perpetrated by father, he was directly endangered by it.

Further, the evidence showed: Father is a very jealous person and there is ongoing tension in the parents' relationship. Mother "tries not to talk to anyone because father will accuse her of cheating on him when she is not." The parents had been arguing a lot about father not believing her. Father did not want mother to work outside the home "because he thinks she is talking with other guys." On the day in question, October 11, 2013, father became enraged because he believed mother was seeing another man. Mother picked up the minor and began walking toward the rear bedroom. Father then threw a handful of spaghetti at mother's head. She continued into the bedroom and closed the door. Father broke through the door and began yelling and arguing with mother. Mother sat the minor on the center of the bed. Father pushed mother onto the bed and on top of the minor. She struggled to get off the minor. Father held mother down on the bed, grabbing her arms and tightening his grip. The minor's grandfather then entered the room and told father to get off his daughter and that he was going to call the police. Father then released mother and she left the room with the minor. Father followed mother into the kitchen. Father punched mother in the face while she held the minor. She fell to the ground while holding the minor.

At the time of the adjudication, only two and a half months after the incident, there was no evidence that father had resolved his extreme jealousy or his need to isolate mother from other men. Father "would like to have his case dismissed and would like to be reunited with his family," and it is his stated intention to marry mother. However, in the absence of a showing the underlying issues had been resolved, the minor remains at risk in the event of another violent altercation between the parents. Therefore, substantial evidence supports the trial court's jurisdictional finding pursuant to section 300, subdivision (a).

2. *Juvenile court acted within its discretion in removing the minor from father and in requiring his visitation to be monitored.*

As indicated, the juvenile court ordered the minor removed from father, with monitored visits by a DCFS approved monitor (not the mother), and with discretion in the DCFS to liberalize visitation. Father contends the dispositional order constituted an abuse of discretion. The argument is unavailing.

"Before the court may order a child physically removed from his or her parents, it must find, by clear and convincing evidence, the child would be at substantial risk of harm if returned home and there are no reasonable means by which the child can be protected without removal. ([Citations.]) This is a heightened standard of proof from the required preponderance of evidence standard for taking jurisdiction over a child. [Citations.]" (*In re Hailey T.* (2012) 212 Cal.App.4th 139, 145-146.)

The standard of appellate review of the dispositional order is the substantial evidence test, bearing in mind the heightened burden of proof in the court below. (*In re Hailey T.*, *supra,* 212 Cal.App.4th at p. 146.) We consider the entire record to determine whether substantial evidence supports the juvenile court's findings. (*Ibid.*) We do not pass on the credibility of witnesses, resolve conflicts in the evidence or weigh the evidence; instead, we review the record in the light most favorable to the juvenile court's order to decide whether substantial evidence supports the order. (*Id.* at pp. 146-147.) The appellant has the burden of showing there is no evidence of a sufficiently substantial nature to support the court's findings or orders. (*Id.* at p. 147.)

As discussed, at the time of the December 27, 2013 hearing, a mere two and a half months after the incident, there was no evidence that father had resolved his extreme jealousy or his need to isolate mother from other men. Absent a showing the underlying issues had been resolved, the minor remained at risk in the event of another violent altercation between the parents. Therefore, we conclude substantial evidence supports the trial court's determination that "there is a substantial danger if the child were to be returned to the father and that there are no reasonable means by which the child's physical and emotional health could be protected without removing the child from the father."

Further, due to father's demonstrated inability to control his anger, the trial court acted within its discretion in ordering visitation to be monitored, so as to ensure the minor's safety, with discretion in the DCFS to liberalize visitation.

## DISPOSITION

The December 27, 2013 order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, J.[*]

We concur:

KITCHING, Acting P. J.

ALDRICH, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8