Filed 5/2/16  In re Angelina G. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re ANGELINA G. et al., Persons Coming Under the Juvenile Court Law. | B267517 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOSUE G.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. DK09753) |

APPEAL from an order of the Superior Court of Los Angeles County, Julie Fox Blackshaw, Judge.  Reversed in part.

Daniel G. Rooney, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, R. Keith Davis, Acting Assistant County Counsel, Peter Ferrera, Deputy County Counsel, for Plaintiff and Respondent.

_____

The juvenile court detained two children from their presumed father, who had been incarcerated for robbery since 2012, on the ground that his one act of domestic violence (involving no children) in 2006 and his drug use before incarceration created a substantial risk the children would suffer serious physical harm after his release from prison. We reverse.

## BACKGROUND

The household in these dependency proceedings consists of Christina M. (Mother) and her five children, two by Francisco M., a third by another man, and Angelina G. and Laila G., the daughters of Josue G. (Father). None of the fathers resides with Mother. This appeal concerns only Angelina G. and Laila G., ages 11 and 9 at the time of the hearing, and Father is the only appellant.

Father was arrested for possession of alcohol in 2000, less than a month after he turned 14. He was arrested seven months later for possession of a controlled substance; in 2003 for possession of a weapon at school; and in 2006 for spousal battery, possession of a firearm, possession of cocaine base for sale, burglary, and making threats.

In 2006 or 2007, Father kicked in a door and smashed a table in a residence while his girlfriend (not Mother) was present. No children were involved. He was convicted of inflicting injury on a present or former dating partner and sentenced to five years probation and ordered to complete a year of domestic violence classes. He failed to complete the classes. At the same time, Father was convicted of assault with a deadly weapon and possession of cocaine base for sale, and was required to register as a controlled substance offender. (Health & Saf. Code, § 11590.)

In 2007, Father was arrested for possessing a controlled substance and was sentenced to 88 months in prison for violating the terms of his probation. In 2011, Father was arrested and returned to prison for an unspecified parole violation. In 2012, Father was sentenced to a three-year prison term for robbery. His scheduled release was in September 2015.

In October 2014, Francisco M. committed an act of domestic violence against Mother. She obtained a restraining order against him, but occasionally let him visit his

2

children.  In February 2015, Francisco M. was arrested for possession of methamphetamines while in a vehicle with one of the children.

On March 2, 2015, the Department of Children and Family Services (DCFS or the department) filed a non-detention petition alleging Francisco M.'s domestic violence and drug use endangered the five children living with Mother, including Angelina G. and Laila G.  (Welf. & Inst. Code, § 300, subds. (a), (b), (j).)[1]

In May 2015, a dependency investigator interviewed Father in prison.  He stated he used to take care of Angelina G. and Laila G. on weekends before his incarceration.  They were very young at that time, and he had used no form of discipline on them.  Father admitted he had "a problem" with cocaine, which he had used on weekends from 2000 to 2012.  He never received any form of treatment and denied ever using drugs around the children.  Father had no psychological or psychiatric problems, was not on medication, and had never attempted suicide.  He stated he wanted to be in his children's lives and was willing to do anything necessary to regain custody of them.

A week after the prison interview, DCFS amended the petition to allege Father's criminal history, past substance abuse, and failure to complete domestic violence or substance abuse counseling "endangers [Angelina G.'s and Laila G.'s] physical and emotional health and safety and places the children at risk of serious physical harm and emotional damage."

At the jurisdiction hearing, Father argued his criminal history, past drug abuse, and one act of domestic violence nine years prior did not support jurisdiction as to him.  The juvenile court found, however, without explanation, that the criminal history, past substance abuse, and failure to complete domestic violence or substance abuse counseling "show a risk to the children."  The court therefore sustained the petition "as alleged."

In the disposition phase of the hearing, Father represented he would be released from prison in a few weeks.  He stated he was willing to undergo random drug testing,

---

[1] All undesignated statutory references will be to the Welfare and Institutions Code.

and would complete a substance abuse program if any test returned positive. He agreed to participate in domestic violence classes, but objected to parenting classes. He asked for unmonitored visitation. The juvenile court found a substantial danger to the children would exist if they were returned to Father's custody. It ordered that the children be placed with Mother but removed from Father's custody, and ordered that Father be afforded reunification services.

Father timely appealed.

## DISCUSSION

Father argues the juvenile court's jurisdiction and disposition orders as to him are unsupported by substantial evidence. We agree.

A child comes within the jurisdiction of the juvenile court under subdivision (b) of section 300 if he or she "has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child . . . ." (§ 300, subd. (b)(1).) A "court may find there is a substantial risk of serious future injury based on the manner in which a less serious injury was inflicted, a history of repeated inflictions of injuries on the child or the child's siblings, or a combination of these and other actions by the parent or guardian which indicate the child is at risk of serious physical harm." (§ 300, subd. (a).) The substantial risk of physical harm must result from "the failure or inability of [the child's] parent or guardian to adequately supervise or protect the child," the "failure of the parent or guardian to provide the child with adequate food, clothing, shelter, or medical treatment, or by the inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's mental illness . . . ." (§ 300, subd. (b).) "Cases finding a substantial physical danger tend to fall into two factual patterns. One group involves an *identified, specific hazard* in the child's environment—typically an adult with a proven record of abusiveness. [Citations.] The second group involves children of such tender years that the absence of adequate supervision and care poses an inherent risk to their physical health and safety." (*In re Rocco M.* (1991) 1 Cal.App.4th 814, 824 [11-year-old subject to risk of harm if placed in home allowing

4

access to drugs].) "While evidence of past conduct may be probative of current conditions, the question under section 300 is whether circumstances *at the time of the hearing* subject the minor to the defined risk of harm." (*Id*. at p. 824.) Thus past physical harm, "standing alone, does not establish a substantial risk of physical harm; '[t]here must be some reason to believe the acts may continue in the future.'" (*Ibid*.)

We review jurisdictional and dispositional orders for substantial evidence, viewing the record as a whole in the light most favorable to the juvenile court's order and indulging every inference and resolving all conflicts in favor of the court's decision. (*In re Kristin H*. (1996) 46 Cal.App.4th 1635, 1649.) "The term 'substantial evidence' means such relevant evidence as a reasonable mind would accept as adequate to support a conclusion; it is evidence which is reasonable in nature, credible, and of solid value." (*In re J.K.* (2009) 174 Cal.App.4th 1426, 1433.) "In making this determination, all conflicts are to be resolved in favor of the prevailing party, and issues of fact and credibility are questions for the trier of fact. [Citation.] In dependency proceedings, a trial court's determination will not be disturbed unless it exceeds the bounds of reason." (*In re Ricardo L.* (2003) 109 Cal.App.4th 552, 564.) In other words, "[i]t is the trial court's role to assess the credibility of the various witnesses, to weigh the evidence to resolve the conflicts in the evidence. We have no power to judge the effect or value of the evidence, to weigh the evidence, to consider the credibility of witnesses or to resolve conflicts in the evidence or the reasonable inferences which may be drawn from that evidence. [Citations.] Under the substantial evidence rule, we must accept the evidence most favorable to the order as true and discard the unfavorable evidence as not having sufficient verity to be accepted by the trier of fact." (*In re Casey D*. (1999) 70 Cal.App.4th 38, 52-53.)

Here, there is no evidence, and DCFS does not contend, that Father's conduct caused either Angelina G. or Laila G. to suffer any neglect or injury. The issue is whether evidence supports the juvenile court's finding that the children are at substantial risk of serious future injury at Father's hands. We discern none. No evidence suggests

Father has ever harmed or neglected any child, has in the past three years abused any drugs or committed any crime, or suffers any emotional problems.

The department argues Father's drug problem is ongoing, his history of domestic violence remains unresolved, and his failure to obtain treatment for either presages future risks to Angelina G. and Laila G. We disagree. A single incident of domestic violence that occurred nine years before the hearing, when Angelina G. and Laila G. were infants, and which involved no children, does not remotely suggest even a minimal risk that the children will be exposed to domestic violence. "Evidence of past conduct, without more, is insufficient to support a jurisdictional finding under section 300. There must be some reason beyond speculation to believe that the alleged conduct will recur." (*In re James R.* (2009) 176 Cal.App.4th 129, 135.) "Physical violence between a child's parents may support the exercise of jurisdiction under section 300, subdivision (b) but only if there is evidence that the violence is ongoing or likely to continue and that it directly harmed the child physically or placed the child at risk of physical harm." (*In re Daisy H.* (2011) 192 Cal.App.4th 713, 717; see *In re M.W.* (2015) 238 Cal.App.4th 1444, 1454.)

Father's drug use is also remote. Although he admitted he had a "problem" with cocaine and had used it in the past, no evidence suggests he will abuse the drug in the future. "[T]he mere usage of drugs by a parent is not a sufficient basis on which dependency jurisdiction can be found." (*In re Drake M*. (2012) 211 Cal.App.4th 754, 764.)

We conclude no substantial evidence supported the juvenile court's finding that Father's history posed a substantial risk of serious future harm to his children. The court therefore abused its discretion in asserting jurisdiction.

Without proper jurisdiction, the juvenile court had no authority to issue a dispositional order. (*In re Precious D.* (2010) 189 Cal.App.4th 1251, 1261; see § 362.4.)

## DISPOSITION

The juvenile court's jurisdiction and disposition orders, insofar as they pertain to Father, are reversed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

JOHNSON, J.

7